# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BRADLEY R. HUGHES,**
**Claimant Below, Petitioner**

**FILED**
October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0010**  (BOR Appeal No.2046019)
(Claim No. 2009090734)

**WAYNE VOLUNTEER FIRE DEPARTMENT,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Bradley R. Hughes, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wayne Volunteer Fire Department, by Nathanial A. Kuratomi, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 6, 2011, in which the Board affirmed a May 9, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 12, 2010, decision denying authorization for an MRI of the lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hughes was injured in a motor vehicle accident on May 2, 2009, when transporting a patient by ambulance. The claim was held compensable for a thigh contusion, insomnia, and hordeolum of the eye. Mr. Hughes had a prior injury on January 14, 2008, while lifting a patient weighing approximately 280 to 300 pounds when employed as an emergency medical technician. His January 14, 2008, injury was held compensable for lumbar sprain. On April 27, 2010, Dr. Del-Checcolo requested an MRI of the lumbar spine. On May 13, 2010, Dr. Daubin recommended that both the MRI of the lumbar spine and a reopening of the claim be denied.

1

The Office of Judges affirmed the claims administrator's decision and held that the requested medical treatment is not required because Mr. Hughes's lumbar spine is not a compensable condition in this claim. On appeal, Mr. Hughes disagrees and asserts that the fact that compensability has not yet been determined for the lower back is not a sufficient basis to deny a medical test, and that the MRI likely could determine if the lower back is compensable or not. Wayne Volunteer Fire Department maintains that Mr. Hughes did not express he had lower back pain until approximately eight months after the accident, and that his lower back pain is a preexisting condition from his January 14, 2008, injury.

The Office of Judges concluded that there is no evidence that Mr. Hughes suffered a lumbar injury on May 2, 2009. A lumbar injury was never held compensable in the current claim. The Office of Judges stated that it appeared Mr. Hughes did not express early on in the claim that he had lower back pain from the May 2, 2009, injury. It determined that the preponderance of the evidence indicated that Mr. Hughes's January 14, 2008, injury caused problems to the lumbar spine, and that based on this evidence the lumbar spine condition appears more related to his injury of January 14, 2008, than to the compensable injury in this claim. Ultimately, the Office of Judges held that Mr. Hughes did not met the burden of proof to show that an MRI of the lumbar spine is medically related to the compensable injury from May 2, 2009. The Board of Review reached the same reasoned conclusions in its decision of December 6, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II